## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**THELMA BERNICE ANDERSON**,

    Plaintiff,

vs.                                                   **Civil No. 12-0049 WJ/LFG**

**NAN G. NASH; RICHARD LEVERICK; ANGELICA ANAYA ALLEN,**

    Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes *sua sponte* before the Court on pro se Plaintiff Thelma Bernice Anderson's *Application to Proceed In Forma Pauperis* ("IFP"), filed January 17, 2012 [Doc. 2], and on the Court's concomitant obligation to "screen her case under 28 U.S.C. §§ 1915(a) and (e)," *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court must dismiss the action "at any time if the court determines that" the plaintiff is, in fact, able to pay the filing fees and her "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

A party applying to proceed IFP must show that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified)

>standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>>the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
>493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The Court applies this same standard in its review under § 1915(e)(2) to determine whether Anderson has stated a cognizable claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court will accept as true Anderson's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to her. *See id.* But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). The courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregards them *Ashcroft v. Iqbal*, 556 U.S.662, ___, 129 S. Ct. 1937, 1951 (2009). Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**I.      PRO-SE REPRESENTATION.**

Although she has signed her Complaint, it appears that Anderson's son-in-law Gary Crossley, who is not a licensed attorney, has been preparing and filing the documents submitted to this Court, as he improperly did in the state-court proceedings that underlie Anderson's Complaint. Crossley has obviously encouraged his mother-in-law to use a cryptic spelling of her name and ambiguous address in her filings. *See* Doc. 1 at 1 (paragraph at top of Complaint stating "thelma-bernice: [Anderson]" and listing address as "rural route 60 [abutting sunset road southeast 1711]" in Rio Rancho). Crossley is statutorily prohibited from attempting to represent or assist Anderson in this manner. *See* 28 U.S.C. §1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); *In re Chavez*, 129 N.M. 35, 42, 1 P.3d 417, 424 (2000) (noting that "[o]nly two types of legal representation are recognized-litigants appearing pro se or those appearing through licensed counsel of record. One is not authorized to undertake legal representation in any other capacity, regardless of whether one calls oneself a legal assistant, an intermediary, a scrivener, or just a friend.") (internal quotation marks and citation omitted). Crossley has also called and berated court-clerk employees, threatening to sue them if they do not file documents the way he wants them filed. Crossley is warned that if he prepares and files any future legal documents on Anderson's behalf, he risks being cited for contempt of Court and/or being referred for prosecution for the unauthorized practice of law.

**II.     ANDERSON HAS NOT SHOWN THAT SHE IS UNABLE TO PAY FEES.**

Anderson's financial affidavit states that she is 84 years; that she has no dependents or a car; that she receives $1358/month in Social Security benefits; and that she pays nothing for rent or utilities because she lives with, and is cared for, by her daughter. Although the current national monthly average "thrifty food plan" costs for a single person in Anderson's age group living in a

three-person household is about $162/month[1], Anderson claims she spends $300/month on food, *see* Doc. 2 at 3; and that she spends $319/month on diapers, $225/month on medicine; and $200/month on physical therapy despite being covered by Medicare and spending $59/month on private health insurance, which may pay for or reimburse her for some of those expenses. *See id.* She allegedly spends $100/month on transportation and $36 for a phone. *See id.* On these facts, without holding a hearing to inquire about certain expenses, the Court concludes that Anderson has failed to establish that she is indigent and unable to pay both for filing fees and for the necessities of life. But even if she had demonstrated indigency, the Court would be compelled to dismiss the Complaint.

## III. ANDERSON'S COMPLAINT FAILS TO INVOKE THE COURT'S SUBJECT-MATTER JURISDICTION OR TO STATE A COGNIZABLE FEDERAL CLAIM

Anderson brings suit under 18 U.S.C. §§ 241, 242 of the federal criminal statutes and alleges jurisdiction under 28 U.S.C. § 1331. Although her Complaint is difficult to comprehend, when read in conjunction with the attached transcripts from the state-court foreclosure proceedings, it appears that Anderson seeks to sue the presiding state-court judge, opposing counsel, and the pro-bono counsel who agreed to represent Anderson in the pending foreclosure action if Anderson qualified for her pro-bono representation by moving back into the house that was the subject of the foreclosure proceedings. Anderson appears to be unhappy that the judge refused to allow Crossley to ghost-write her pleadings or to otherwise speak on her behalf while she appeared pro se in those proceedings, and required her to obtain pro-bono counsel with the Court's assistance.

But 18 U.S.C. §§ 241 and 242 do not provide a plaintiff with a private cause of action, and no statute allows her to pursue a violation of these federal criminal laws. *See Andrews v. Heaton*,

---

[1] *See* Official USDA Food Plans, Average for October, 2011, located at http://www.cnpp.usda.gov/USDAFoodCost-Home.htm.

483 F.3d 1070, 1076 (10th Cir. 2007) (noting that § 241 is one of the "criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action"); *Henry v. Albuquerque Police Dep't,* 49 Fed. App'x 272, 273 (10th Cir. 2002) (unpublished) (holding that 18 U.S.C. §§ 241 and 242 do not provide for a private civil cause of action). And none of Anderson's allegations support her conclusion that the Defendants violated her constitutional rights. She has, therefore, failed to invoke the subject-matter jurisdiction of this Court or to state a claim on which relief may be granted.

**IT IS ORDERED** that Anderson's Complaint is DISMISSED without prejudice under § 1915(e)(2).

_____
UNITED STATES DISTRICT JUDGE